UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS LEE EDRINGTON,

    Plaintiff,

v.

LARRY MAHALLY, et al.,

    Defendants.

CIVIL ACTION NO. 3:16-CV-02339

(KOSIK, J.)
(MEHALCHICK, M.J.)

**MEMORANDUM**

Before the Court are three motions filed by *pro se* Plaintiff Thomas Lee Edrington. Edrington filed a §1983 suit on November 21, 2016, seeking damages and injunctive relief against five Defendants, all officials and corrections officers at SCI-Dallas. (Doc. 1). Edrington moves to proceed *in forma pauperis* (Doc. 2), for appointment of counsel (Doc. 5), and to amend/correct his complaint (Doc. 7).

I. **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Edrington moves for leave to proceed *in forma pauperis*, and has provided the requisite prisoner authorization and trust statement. (Doc. 3; Doc. 4). Satisfied with Edrington's proven inability to pay the requisite fees, the Court finds his motion meritorious. Despite deficiencies in the formalities of Edrington's application—Edrington's failure to acknowledge the fee requirements and deduction of fees in the IFP motion—the Court finds that Edrington corrected this error and has authorized deduction from his trust account as evidenced by his prisoner authorization form. (Doc. 3). Accordingly, Edrington's motion is hereby **GRANTED**.

II.     **MOTION TO APPOINT COUNSEL**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), a court "may request an attorney to represent any person unable to employ counsel." The Court's appointment of counsel is discretionary and must be assessed on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by a court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

"The most significant of [the] post-threshold factors is the plaintiff's ability to present his or her case." *Montgomery*, 294 F.3d at 499. Additionally, another practical consideration must

be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

After considering the *Montgomery* factors in conjunction with the amended complaint (Doc. 1) offered by Edrington, the Court finds he can adequately represent himself in the present matter at this time. The Court acknowledges the additional difficulties presented to *pro se* prisoners and possesses a duty to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). The Court finds that with such standards in place, the Plaintiff should be able to present his case without a likelihood of substantial prejudice. In particular, the Plaintiff shows sufficient ability to present his case in the initial pleadings. Furthermore, a review of the amended complaint facially evidences minimal need for factual investigation, expert testimony, and credibility determinations at trial.

This court's duty to construe *pro se* pleadings liberally, coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. Hence, the court will **DENY** Plaintiff's motion for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

### III. MOTION TO AMEND/CORRECT COMPLAINT

Lastly, Edrington moves for leave to amend his complaint. (Doc. 7). Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within 21 days after serving it" or within 21 days of service of an enumerated responsive pleading. FED. R. CIV. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). As no parties have been served in this case, no party can be said to be prejudiced in permitting amendment. Nor can it be said that any window for amendment has closed. As courts are to "freely give leave when justice so requires," the Court finds no reason to restrict Edrington from amending his complaint prior to screening and service. Accordingly, his motion is **GRANTED**.

An appropriate Order follows.

**Dated: February 10, 2017**              *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States Magistrate Judge**